UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRANDY WILLIAMS | CIVIL ACTION |
| v. | NO. 12-950 |
| WAFFLE HOUSE, INC. | SECTION "F" |

ORDER AND REASONS

Before the Court is the defendant's motion to dismiss or stay proceedings and compel arbitration. For the reasons that follow, the motion to dismiss and compel arbitration is GRANTED.

**Background**

In May 2009 Brandy Williams was hired as a unit manager for Waffle House's store located at 9293 Highway 49 in Gulfport, Mississippi. When she started working, she signed an arbitration agreement in which the parties agreed to resolve all disputes through binding arbitration; the arbitration agreement provides:

> **2. Claims covered by this Agreement.** That Waffle House and I will resolve by arbitration all claims and controversies ("claims"), past, present, or future, whether or not arising out of my employment or termination from employment, that I may have against Waffle House or against its officers, directors, employees or agents in their capacity as such or otherwise, or that Waffle House may have against me. The claims that are arbitrable...include, but are not limited to, claims for wages or other compensation due under the Fair Labor Standards Act or state law equivalent...claims for violation of any federal, state or other governmental law, statute, regulation or ordinance, except claims excluded elsewhere in this Agreement.

The Agreement also provides: "Except as otherwise provided in this

1

Agreement, both Waffle House and I agree that neither of us shall initiate or prosecute any lawsuit...in any way related to any claim covered by this agreement." The Agreement further states in bold capital letters: "**I ACKNOWLEDGE THAT I HAVE CAREFULLY READ ALL 4 PAGES OF THIS AGREEMENT, THAT I UNDERSTAND ITS TERMS, AND THAT I HAVE ENTERED INTO IT VOLUNTARILY. I UNDERSTAND THAT BY SIGNING THIS AGREEMENT, I AM GIVING UP MY RIGHT TO A JURY TRIAL.**" Williams initialed her agreement below this statement; initialed the top of each of the other three pages of the Agreement; and signed the Agreement. Ms. Williams and Waffle House chose Georgia law to govern their Agreement.[1]

At some point Ms. Williams became dissatisfied with the number of hours she worked and the lack of responsibility given to her despite her "manager" title. On April 13, 2012 Ms. Williams sued Waffle House, alleging that Waffle House failed to pay her overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201.[2] She claims that Waffle House directed her to keep track only

---

[1] The Agreement provides:

> [T]his Agreement shall be governed by and interpreted in accordance with the laws of the state of Georgia. If, however, a court of competent jurisdiction or an arbitrator subsequently determines that Georgia law does not apply..., then, alternatively, the Agreement shall be governed by...the laws of the state of my residence.

[2] In her prayer for relief Williams requests that the Court "recogniz[e] this proceeding as a collective action";

of "productive" hours worked; she often worked 12-18 hour days six days a week. She also alleges that she was required to work more than 40 hours per week but not paid overtime because Waffle House improperly classified her as exempt from the FLSA.

Waffle House now seeks to compel arbitration in accordance with the Agreement signed by the parties.

I.

The Federal Arbitration Act was enacted as a response to judicial hostility to arbitration and it thus reinforced "the fundamental principle that arbitration is a matter of contract." Rent-A-Center, West, Inc. v. Jackson, 130 S.Ct. 2772, 2776 (2010). It "provides that pre-dispute arbitration agreements 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" Carter v. Countrywide Credit Indus., 362 F.3d 294, 297 (5th Cir. 2004)(quoting 9 U.S.C. § 2). "The FAA thereby places arbitration agreements on an equal footing with other contracts," the Supreme Court has observed, "and requires courts to enforce them according to their terms." Rent-A-Center, 130 S.Ct. at 2776. "That is the case even when the claims at issue are federal statutory claims, unless the FAA's mandate has been 'overridden by a contrary congressional command.'" CompuCredit Corp. V. Greenwood, 132 S.Ct.

---

however, only Ms. Williams has filed a Consent to Become a Party Plaintiff.

665, 669 (2012) Of course, arbitration agreements, "[l]ike other contracts...may be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability.'" Id. (citations omitted).

In implementing a "strong federal policy in favor of enforcing arbitration agreements," Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 217 (1985); Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983), the FAA requires district courts to "compel arbitration of otherwise arbitrable claims, when a motion to compel arbitration is made." Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co., 767 F.2d 1140, 1147 (5th Cir. 1985).[3] Because of the strong presumption in favor of arbitration, "a party seeking to invalidate an arbitration agreement bears the burden of establishing its invalidity." Carter, 362 F.3d at 297.

---

[3]In implementing the substantive rule of Section 2, Section 3 of the FAA provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration. . . the court. . . shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement. . . .

9 U.S.C. § 3. Section 4 is also an implementing provision, providing that a party aggrieved by the refusal of another to arbitrate may petition the Court for an order compelling arbitration; if the Court is satisfied that there is an arbitration agreement and a failure to comply with it, the Court "*shall* make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4 (emphasis added).

4

Courts undertake a two-step inquiry when considering motions to compel arbitration. Washington Mut. Finance Group v. Bailey, 364 F.3d 260, 263 (5th Cir. 2004). The first step requires a finding that the parties agreed to arbitrate the dispute at issue. Id. Second, upon such a finding, the Court must consider whether any federal statute or policy renders the claims nonarbitrable. Id.

The first determination requires two considerations: "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." Webb v. Investacorp, Inc., 89 F.3d 252, 257-58 (5th Cir. 1996). While state law governs the first consideration, "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself must be resolved in favor of arbitration." Id. at 258.

## II.

Williams and Waffle House signed the Arbitration Agreement and Williams' FLSA claims for unpaid overtime wages fall squarely within the scope of claims identified as arbitrable under the parties' Agreement. Williams does not appear to dispute this.

Waffle House contends that the Arbitration Agreement between it and Williams is valid and enforceable under Georgia law. The Court agrees. Under Georgia law, a valid and enforceable

5

arbitration agreement must contain the elements of offer, acceptance, and consideration. See McBride v. Gamestop, Inc., No. 10-2376, 2011 WL 578821, at *2 (N.D. Ga. Feb. 8, 2011)(applying Georgia law). Here, Waffle House offered the Agreement as a condition of its offer of employment and, by signing the Agreement, Williams accepted the offer. Also, the parties made mutual promises to submit all disputes to binding arbitration, satisfying the consideration element. See Lambert v. Austin Ind., 544 F.3d 1192, 1195 (11th Cir. 2008).[4]

Thus, it cannot credibly be disputed that an agreement to arbitrate exists and that the Agreement covers Williams' FLSA claims. Williams, however, contends that the Agreement is unenforceable due to mistake, inconsistency with the FLSA, and unconscionability. Because Williams' arguments are not legally supportable but instead grounded in an impermissible hostility to arbitration, the Court disagrees.

Williams first contends that the employment contract containing the Arbitration Agreement and collective action waiver is unenforceable because she was mistaken as to the fundamental

---

[4]Waffle House points out that the outcome under Louisiana or Mississippi law is no different. See La.R.S. § 9:4202; Harris v. JCPenney Co., Inc., No. 07-9675, 2008 WL 90038, at *2 (E.D. La. Jan. 8, 2008)(applying Louisiana law and granting motion to compel arbitration of employment dispute); Gatlin v. Sanderson Farms, Inc., 953 So.2d 220, 222 (Miss. 2007)(analyzing the four corners of a contract and effectuating the parties' intent when expressed clearly and unambiguously).

nature of the employment contract.  She says that, at the time she was hired, Waffle House knowingly misrepresented to her that she would be a manager when, in fact, she was not given the responsibilities associated with a management-level position.  Thus, Williams urges the Court to void the Agreement on the ground of her unilateral mistake.

Williams' suggestion sounds more in fraud to the extent that she suggests that Waffle House knowingly duped her into signing an employment contract with an arbitration provision by falsely representing that she would be a manager.  But Williams' argument that she signed the Agreement "under the mistaken impression that she was taking a managerial role with corresponding managerial responsibilities" does not undermine the enforceability of the Arbitration Agreement.  Indeed even a case she invokes in her papers confirms that her argument has no merit:  "Only if the allegation of fraud goes specifically to the making of the agreement to arbitrate must a district court address the merits of the fraud claim." Bank One, N.A. v. Coates, 125 F. Supp. 2d 819, 829 (S.D. Miss. 2001).

Williams' other challenges to the enforceability of the Arbitration Agreement are likewise without merit.  She argues that the arbitration clause and collective action waiver deprive her of the right to exercise her rights under the FLSA.  But she cites no support for this assertion and fails to credibly distinguish case

literature on point. See Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20 (1991); Carter v. Countrywide Credit Indus., Inc., 362 F.3d 294, 298 (5th Cir. 2004)(rejecting argument that an inability to proceed collectively deprives plaintiffs of substantive rights under the FLSA and also rejecting argument that FLSA claims are not subject to individually executed pre-dispute arbitration agreements).

Her final argument that the Arbitration Agreement is unconscionable under Mississippi law is also without merit. Under Mississippi law, a contract can be procedurally or substantively unconscionable. Substantive unconscionability may exist "when the terms of the contract are of such an oppressive character as to be unconscionable." Russell v. Performance Toyota, Inc., 826 So.2d 719, 725 (Miss. 2002). "Procedural unconscionability," on the other hand, "may be proved by showing 'a lack of knowledge, lack of voluntariness, inconspicuous print, the use of complex legalistic language, disparity in sophistication or bargaining power of the parties and/or a lack of opportunity to study the contract and inquire about the contract terms." Id.

Williams contends that she had no real bargaining power and the arbitration clause prevents her from asserting her FLSA claim in federal court. But her arguments are nothing more than insinuations that arbitration agreements are inherently unconscionable. Not so. See Bank One, N.A. v. Coates, 125 F.

8

Supp. 2d 819, 830 (S.D. Miss. 2001)(citation omitted)("arbitration agreements are not inherently unconscionable...; the party resisting arbitration must show that the particular arbitration provision is unconcionable"). Williams fails to demonstrate how the terms of the Agreement, which requires both Williams and Waffle House to submit any dispute to arbitration, are oppressive. Williams likewise fails to suggest how the disparity in bargaining power rendered the Agreement unconscionable; she could have refused to sign the Agreement and pursued employment elsewhere. See Russell, 826 So.2d at 726. Furthermore, if the Court were to accept Williams' argument, then no arbitration agreement between a company and an individual would ever be upheld. Williams falls well short of establishing unconscionability of the Arbitration Agreement.

Williams has pointed to no statute or policy, and this Court is aware of none, that would render her FLSA claims nonarbitrable. Consequently, the FAA requires this Court to grant the defendant's motion to compel arbitration.

Whether to stay or dismiss a case in which the claims are subject to arbitration is generally within the district court's discretion. Apache Bohai Corp., LDC v. Texaco China, B.V., 330 F.3d 307, 311 n.9 (5th Cir. 2003). Where, as here, all of the issues raised in this Court must be submitted to arbitration, "the weight of authority clearly supports dismissal." Alford v. Dean

9

Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992)(citations omitted)(Section 3 "was not intended to limit dismissal of a case under the proper circumstances"). The Court finds that dismissal rather than a stay is appropriate.

Accordingly, IT IS ORDERED: that the defendant's motion to dismiss proceedings and compel arbitration is GRANTED.

New Orleans, Louisiana, August 15, 2012

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE